KAREN S. FRANK (State Bar No. 130887)
SCOTT C. HALL (State Bar No. 232492)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-jgk@cpdb.com,
ksfrank@coblentzlaw.com,
ef-sch@cpdb.com

Attorneys for Forty Niners Football Company LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTY NINERS FOOTBALL COMPANY LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, COPYRIGHT INFRINGEMENT, AND UNFAIR COMPETITION, AND DEMAND FOR JURY TRIAL** |
| v. | |
| MOTIF, LLC, KRE8TIVEMIND GROUP, and KWAME BOATEN, | Trial Date: None Set |
| Defendants. | Jury Trial Demanded |

Plaintiff, Forty Niners Football Company LLC (hereinafter "Plaintiff" or "49ers") by its attorneys, as and for its Complaint against Defendants Motif, LLC ("Motif"), Kre8tivemind Group ("Kre8tive"), and Kwame Boaten ("Boaten" and, collectively, "Defendants"), alleges as follows:

## I.  NATURE OF THE ACTION

1.  This is a civil action for trademark infringement, trademark dilution, copyright infringement, and unfair competition. Specifically, Plaintiff asserts (1) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement under the common law of the State of California; (4) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (5) copyright infringement under 17 U.S.C. §§ 101 and 501; and (6)

*(left margin, vertical text)* COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  unfair competition under California Business and Professions Code § 17200, *et seq.*; all caused by

2  Defendants' deceptive and confusing misappropriation of Plaintiff's name, logo, symbol and other

3  identifying marks and copyrighted works in the advertising, marketing and promotion of Motif's

4  nightclub events and establishment.

5  **II.    JURISDICTION AND VENUE**

6       2.    This Court has original subject matter jurisdiction over this action pursuant to 15

7  U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). This Court has related claim

8  jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

9       3.    This Court has personal jurisdiction over Defendants because the activity

10  complained of herein is aimed at the State of California and Defendants reside and/or are

11  conducting business in this district.

12       4.    Venue is proper in this district under 28 U.S.C. §1391 (b) and (c) because a

13  substantial part of the events or omissions giving rise to the claims occurred in this district, and

14  Defendants reside and/or are conducting business in this district.

15  **III.   INTRADISTRICT ASSIGNMENT**

16       5.    This is a trademark and copyright case subject to district-wide assignment under

17  Local Rule 3-2(c).

18  **IV.    THE PARTIES**

19       6.    Plaintiff is, and at all times mentioned herein was, a limited liability company

20  existing under the laws of the State of Delaware, having a principal place of business at 4949

21  Marie P. DeBartolo Way, Santa Clara, California.

22       7.    Defendant Motif, LLC is a California limited liability company with its principle

23  place of business at 389 South First Street, San Jose, California.  Defendant Motif operates a night

24  club located at 398 South First Street, San Jose, California.

25       8.    Defendant Kre8tivemind Group advertises and promotes various events,

26  nightclubs, hotels, and entertainment services.  Defendant Kre8tive, through its principal and

27  agent, Kwame Boaten, conducts business in California, including advertising and promoting

28  events to be hosted at Defendant Motif's establishment in this district.

10571.002 2838834v3

2

**COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

9.      Defendant Boaten owns, operates, and/or manages Defendant Kre8tive in its business of advertising and promoting various events, nightclubs, hotels, and entertainment services, including events to be hosted at Defendant Motif's establishment in this district.  Upon information and belief Defendant Boaten maintains a personal residence at 3569 72nd Avenue, Oakland, California.

## V.      FACTUAL BACKGROUND

### San Francisco 49ers

10.      The San Francisco 49ers are one of the most well-known and historically successful football teams in the National Football League ("NFL"), having won five (5) Super Bowl championships in six (6) Super Bowl appearances, including playing in Super Bowl XLVII, as recently as February 2013.

11.      The 49ers team was founded in 1946 and is the oldest major professional sports team in the San Francisco Bay Area.  Unlike many professional sports teams, the 49ers team has been located in the San Francisco Bay Area since its inception and has never gone by any other name.  Because of the 49ers' unique success and storied history, the 49ers team, including its players, uniforms, and associated logos and identifying marks, are known and recognized throughout the nation and the world, in addition to within California.

### Plaintiff's Trademarks

12.      Plaintiff owns several U.S. trademark registrations covering the 49ers names and logos, as set forth below.

13.      Plaintiff first used the word mark **SAN FRANCISCO FORTY NINERS** in commerce at least as early as December 31, 1946, for educational and entertainment services in the nature of professional football games and exhibitions; providing sports and entertainment information via a global computer network or a commercial on-line service, and has used the mark continuously since that time.  Plaintiff applied to register the **SAN FRANCISCO FORTY NINERS** word mark on January 3, 2008.  The mark registered on August 5, 2008, and bears Patent and Trademark Office ("PTO") Registration No. 3,480,219.  A copy of Reg. No. 3,480,219 is attached hereto as **Exhibit A.**

14.     Plaintiff first used the word mark **SAN FRANCISCO 49ERS** in commerce at least as early as September 1963, and has used the mark continuously since that time, for various goods and services, including trading cards, posters, magazines relating to football, postcards, calendars, wrapping paper, paper gift boxes, paper stickers, paper napkins, paper towels, series of nonfiction books relating to football, poster books, notepads, paper party hats, greeting cards, men's, women's and children's clothing and footwear; namely, coaches caps, wool hats, painters caps, baseball caps, visors, headbands, ear muffs, knit face masks, belts, wristbands, T-shirts, tank tops, pajamas, golf shirts, sweaters, sweatshirts, jackets, neckties, suspenders, bibs, jerseys, night shirts, coats, robes, raincoats, parkas, ponchos, sneakers, gloves, scarves, snow suits, mittens, aprons, down jackets, leather jackets, shorts, sweatpants, jeans, pants, knickers, socks, underwear, bathing suits and leg warmers.  Plaintiff applied to register the **SAN FRANCISCO 49ERS** word mark on September 2, 1992.  The mark registered on December 14, 1993, and bears PTO Registration No. 1,810,714.  A copy of Reg. No. 1,810,714 is attached hereto as **Exhibit B.**

15.     Plaintiff first used the  mark in commerce at least as early as February 24, 1975 for trading cards, posters, magazines relating to football, postcards, calendars, wrapping paper, paper gift boxes, paper stickers, paper napkins, paper towels, series of nonfiction books relating to football, posterbooks, notepads, paper party hats and greeting cards. men's, women's and children's clothing and footwear; namely, coaches caps, wool hats, painters caps, baseball caps, visors, headbands, ear muffs, knit face masks, belts, wristbands, T-shirts, tank tops, pajamas, golf shirts, sweaters, sweatshirts, jackets, neckties, suspenders, bibs, jerseys, night shirts, coats, robes, raincoats, parkas, ponchos, sneakers, gloves, scarves, snow suits, mittens, aprons, down jackets, leather jackets, shorts, sweatpants, jeans, pants, knickers, socks, underwear, bathing suits and leg warmers, and has used the mark continuously since that time.  Plaintiff applied to register this mark on September 2, 1992.  The mark registered on December 7, 1993, and bears PTO Registration No. 1,809,130.  A copy of Reg. No. 1,809,130 is attached hereto as **Exhibit C.**

COBLENTZ PATCH DUFFY & BASS LLP

ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663



16.     Plaintiff first used the                           mark in commerce at least as early as February 24, 1975 for educational and entertainment services in the form of professional football exhibitions and games, and has used the mark continuously since that time. Plaintiff applied to register this mark on January 13, 1977. The mark registered on December 13, 1977, and bears PTO Registration No. 1,079,541. A copy of Reg. No. 1,079,541 is attached hereto as **Exhibit D.**

17.     Plaintiff first used the word mark **SAN FRANCISCO 49ERS** in commerce at least as early as September 30, 1983, for various goods and services, including football helmets, telephones, cell phone covers, magnetically encoded credit cards, decorative magnets, pre-recorded DVD's featuring the sport of football, computer game software, video game cartridges, computer mouse pads and sunglasses, and has used the mark continuously since that time. Plaintiff applied to register the **SAN FRANCISCO 49ERS** word mark on March 1, 2007. The mark registered on June 24, 2008, and bears PTO Registration No. 3,452,019. A copy of Reg. No. 3,452,019 is attached hereto as **Exhibit E.**

18.     Plaintiff first used the word mark **49ERS** in commerce at least as early as September 30, 1983, for various goods and services, including Men's, women's and children's clothing, namely, fleece tops and bottoms, headwear, caps, knit hats, t-shirts, sweatshirts, shorts, tank tops, pants, jackets, turtlenecks, golf shirts, woven shirts, knit shirts, jerseys, wristbands, raincoats, parkas, gloves, ties, cloth bibs, sleepwear, namely, robes, pajamas, aprons, headbands and underwear, used in connection with the sport of professional football, and has used the mark continuously since that time. Plaintiff applied to register the **49ERS** word mark on March 1, 2007. The mark registered on November 25, 2008, and bears PTO Registration No. 3,535,892. A copy of Reg. No. 3,535,892 is attached hereto as **Exhibit F.**

19.     Plaintiff first used the mark                           in commerce at least as early as September 1996, for various goods and services, including, for education and entertainment services in the nature of organizing and presenting professional football games and exhibitions; providing sports and entertainment information via a global computer network or a commercial on-line service; organization of sports events; fan club services; educational services, namely,

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**COMPLAINT**

physical education programs and seminars in the field of football; football games, exhibitions, competitions, musical, and dance performances performed before live audiences and broadcast via television, cable television, satellite television and radio broadcast, and has used the mark continuously since that time. Plaintiff applied to register this mark on October 28, 2008. The mark registered on June 2, 2009, and bears PTO Registration No. 3,630,972. A copy of Reg. No. 3,630,972 is attached hereto as **Exhibit G.**

20. Plaintiff first used the mark  in commerce at least as early in September 1996, for various goods and services, including, football helmets, magnetically encoded charge cards, decorative magnets, pre-recorded CD's and DVD's featuring the sport of football, computer game software and discs; mouse pads; clothing, namely, fleece tops and bottoms, headwear, caps, t-shirts, knit tops, sweatshirts, shorts, pants, jackets, jerseys, gloves, cloth bibs; sleepwear, namely, pajamas; aprons, robes, socks, and footwear; toys and sporting goods, namely, plush toys, play figures, golf balls, golf bags, golf clubs, footballs, board games relating to football, playing cards, puzzles, dart boards, toy trucks, Christmas tree ornaments, and miniature toy helmets, and has used the mark continuously since that time. Plaintiff applied to register this mark on October 28, 2008. The mark registered on March 17, 2009, and bears PTO Registration No. 3,630,975. A copy of Reg. No. 3,630,975 is attached hereto as **Exhibit H.**

21. Plaintiff first used the mark  in commerce at least as early as September 1996, for various goods and services, including, posters, calendars, trading cards, series of books relating to football, magazines relating to football, newsletters relating to football, printed tickets to sports games and events; money clips, note pads, note paper, notebooks, stickers, desktop business card holders, pens, pencil holders, pictorial prints, photo albums, checkbook covers, playing cards, paper gift bags, paper gift cards, greeting cards, collectible cards, and souvenir programs for sports events, and has used the mark continuously since that time. Plaintiff applied to register this mark on December 22, 2008. The mark registered on September 22, 2009, and bears PTO Registration No. 3,685,401. A copy of Reg. No. 3,685,401 is attached hereto as

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

**Exhibit I.**

22.     Plaintiff first used the  service mark  in commerce at least as early as August 1996, for entertainment services, namely, professional football games and exhibitions, and has used the mark continuously since that time.  The mark registered on September 15, 1998, and bears PTO Registration No. 2,189,723.  A copy of Reg. No. 2,189,723 is attached hereto as

**Exhibit J.**

23.     Plaintiff first used the                service mark  in commerce at least as early as August 1996, for entertainment services, namely, professional football games and exhibitions, and has used the mark continuously since that time.  The mark registered on September 15, 1998, and bears PTO Registration No. 2,189,722.  A copy of Reg. No. 2,189,722 is attached hereto as

**Exhibit K.**

24.     Plaintiff first used the                service mark  in commerce at least as early as August 15, 1964, for entertainment services in the form of professional football games and exhibitions, and has used the mark continuously since that time.  The mark registered on May 17, 1983, and bears PTO Registration No. 1,238,824.  A copy of Reg. No. 1,238,824 is attached hereto as **Exhibit L.**

25.     Plaintiff first used the                service mark  in commerce at least as early as August 16, 1959, for entertainment services in the form of professional football games and exhibitions, and has used the mark continuously since that time.  The mark registered on May 17, 1983, and bears PTO Registration No. 1,238,823.  A copy of Reg. No. 1,238,823 is attached hereto as **Exhibit M.**

26.     Plaintiff's marks bearing PTO Registration Nos. 1,810,714; 1,809,130; 1,079,541; 3,452,019; 3,480,219; 3,535,892; 3,630,972; 3,630,975, 3,685,401, 2,189,723,  2,189,722, 1,238,824, and 1,238,823, as set forth in paragraphs 13 to 25 above, are collectively the "49ERS TRADEMARKS."

27.     Plaintiff has used the 49ERS TRADEMARKS continuously in interstate commerce

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  since their first use in advertising, marketing, and promoting the 49ers team, as well as in the

2  advertising, marketing, sale and distribution of clothing, accessories, and other types of goods and

3  services, as set forth above.

4         28.    As a result of the popularity of NFL football and, in particular, the success and

5  popularity of the 49ers, and due to the extensive promotional efforts of Plaintiff and the NFL, as

6  well as the continuous use of the 49ERS TRADEMARKS in the advertising, marketing and

7  promotion of the 49ers team and associated goods and services, the 49ERS TRADEMARKS have

8  achieved a secondary and distinctive meaning as identifiers of the 49ers team.

9         29.    Because of the popularity of NFL football and the extensive media coverage it

10  receives, and, in particular, because of the noteworthy success and storied history of the 49ers, the

11  49ERS TRADEMARKS are nationally recognized and have become well known nationwide and

12  around the world, in addition to within the San Francisco Bay Area, and are therefore famous

13  marks.

14  **Plaintiff's Copyrighted Works**

15         30.    Plaintiff created the copyrighted work "Donte Whitner Photograph" in 2012 and

16  first published the work on November 17, 2012.  Plaintiff, on June 25, 2014, submitted to the U.S.

17  Copyright Office all required materials to register the copyright in the work.  A copy of the

18  application attaching this work is attached hereto as **Exhibit N.**

19         31.    Plaintiff created the copyrighted work "Pro Bowlers Hawaii 2013 Poster" in 2012

20  and first published the work on December 26, 2012.  Plaintiff, on June 25, 2014, submitted to the

21  U.S. Copyright Office all required materials to register the copyright in the work.  A copy of the

22  application attaching this work is attached hereto as **Exhibit O.**

23         32.    Plaintiff created the copyrighted work "CJ Spillman Photograph" in 2011 and first

24  published the work on March 6, 2012.  Plaintiff, on June 25, 2014, submitted to the U.S.

25  Copyright Office all required materials to register the copyright in the work.  A copy of the

26  application attaching this work is attached hereto as **Exhibit P.**

27         33.    The "Donte Whitner Photograph," the "Pro Bowlers Hawaii 2013 Poster" and the

28  CJ Spillman Photograph" are, collectively, the "49ERS COPYRIGHTED WORKS."

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1

### Defendants' Infringing Conduct

2    34.    Defendant Motif operates a nightclub and lounge in San Jose, California, just a few

3    miles from Plaintiff's business headquarters and the 49ers' newly constructed football stadium.

4    Upon information and belief, Defendant Motif hosts various parties and events and advertises,

5    publicizes, and promotes these events throughout the San Francisco Bay Area and throughout the

6    U.S. through the use of flyers and advertisements, including via the Internet and social media

7    websites such as Twitter and Instagram.  Defendant Motif maintains an Internet website to

8    advertise, market, and promote its nightclub and hosted events at www.motiflounge.com.

9    35.    Upon information and belief, Defendants Kre8tivemind and Boaten advertise,

10   market, publicize and promote various hotels, nightclubs, shows, and events in Las Vegas and

11   other locales in the U.S., including events at Motif Lounge.  Defendants Kre8tivemind and Boaten

12   maintain an internet website to promote their services at www.kre8tivemind.com.  Boaten, as

13   Kre8tivemind's principal and agent, maintains an account on the social media site "Twitter,"

14   accessible at: https://twitter.com/KRE8TIVEMIND, which Defendants have used to advertise,

15   market, and promote their events and establishment.

16   36.    On several occasions, Defendants have improperly used the 49ERS

17   TRADEMARKS and 49ERS COPYRIGHTED WORKS, without authorization or consent, to

18   promote events at Motif Lounge.

19   37.    In or around September 2013, Defendants advertised, publicized and promoted a

20   "Celebrity Birthday Bash," to be held on September 8, 2013 at Motif Lounge, purportedly for

21   49ers player Donte Whitner.  Defendants' advertisements and promotional materials for this event

22   depicted Plaintiff's 49ERS TRADEMARKS and the Donte Whitner Photograph without Plaintiff's

23   authorization or consent.  Defendants distributed and made available such infringing

24   advertisements and promotional materials to individuals throughout the U.S. and around the world

25   via Defendants' websites and/or through social media outlets, including Twitter and Instagram.  A

26   true and correct copy of a sample of Defendants' promotional material for this event is attached

27   hereto as **Exhibit Q.**  On or around September 9, 2013, Plaintiff sent Defendant Kre8tivemind a

28   cease and desist letter demanding that Kre8tivemind immediately cease all improper and

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    unauthorized use of Plaintiff's 49ERS TRADEMARKS and copyrighted materials.

2           38.    In or around December 2013, Defendants advertised, publicized and promoted a

3    "49ers vs. Seahawks Afterparty" to be held on December 8, 2013 at Motif Lounge.  Defendants'

4    advertisements and promotional materials for this event depicted Plaintiff's 49ERS

5    TRADEMARKS and Pro Bowlers Hawaii 2013 Poster without Plaintiff's authorization or consent.

6    Defendants distributed and made available such infringing advertisements and promotional

7    materials to individuals throughout the U.S. and around the world via Defendants' websites and/or

8    through social media outlets, including Twitter and Instagram.  A true and correct copy of a

9    sample of Defendant's promotional material for this event is attached hereto as **Exhibit R.**  On or

10   around December 5, 2013, Plaintiff sent Defendant Kre8tivemind and Defendant Motif a cease

11   and desist letter demanding that Defendants immediately cease all improper and unauthorized use

12   of Plaintiff's 49ERS TRADEMARKS and copyrighted materials.

13          39.    In or around May 2014, Defendants advertised, publicized and promoted a

14   "Celebrity Birthday Bash," to be held on May 17, 2014 at Motif Lounge, purportedly for 49ers

15   player C.J. Spillman.  Defendants' advertisements and promotional materials for this event

16   depicted Plaintiff's 49ERS TRADEMARKS and the CJ Spillman Photograph without Plaintiff's

17   authorization or consent.  Defendants distributed and made available such infringing

18   advertisements and promotional materials to individuals throughout the U.S. and around the world

19   via Defendants' websites and/or through social media outlets, including Twitter and Instagram.  A

20   true and correct copy of a sample of Defendant's promotional material for this event is attached

21   hereto as **Exhibit S.**

22          40.    Defendants' advertising, marketing, publicizing and promotion of their nightclub

23   and events through improper and unauthorized use of Plaintiff's 49ERS TRADEMARKS is likely

24   to cause confusion, mistake, or deception in the minds of the public.

25          41.    The confusion and damage necessarily caused by Defendants' use of Plaintiff's

26   49ERS TRADEMARKS is significant.

27          42.    Individuals who see Defendants' advertisements and promotional materials

28   incorporating Plaintiff's 49ERS TRADEMARKS are likely to assume that the advertised events

1  and the Motif Lounge establishment is sponsored by, approved by, or affiliated with the 49ers.

2      43.    Defendants' infringement and the confusion caused thereby has and is likely to

3  continue to lead to injury to Plaintiff's reputation, impairment of its goodwill, and harm to its

4  business operations. The 49ers will, and have, suffered injury to their reputation and business

5  goodwill by the misappropriation and unauthorized use of the 49ERS TRADEMARKS.

6  Additionally, if Plaintiff is unable to protect and control the use of the 49ERS TRADEMARKS,

7  and protect its licensees from unauthorized use – like that of Defendants – the value of Plaintiff's

8  licenses will decrease, thus harming Plaintiff's business operations.

9      44.    Additionally, Defendants' advertising, marketing, publicizing and promotion of

10  their nightclub and events through improper and unauthorized use of Plaintiff's 49ERS

11  TRADEMARKS and 49ERS COPYRIGHTED WORKS constitutes infringement of Plaintiff's

12  copyrighted works.

13      45.    Since at least September 2013, Plaintiff has given repeated notice to Defendants

14  that the improper and unauthorized use of Plaintiff's 49ERS TRADEMARKS and Plaintiff's and

15  49ERS COPYRIGHTED WORKS constitutes trademark infringement and violations of Plaintiff's

16  copyrighted works. At various times, including in September and December 2013, Defendants

17  have agreed to remove the infringing content from their websites and social media accounts and to

18  cease such infringing conduct in the future. Despite such assurances, Defendants' infringing

19  conduct has continued.

20      46.    Defendants' actions constitute willful and malicious violations of Plaintiff's

21  trademark rights, aimed at deceiving consumers regarding the sponsorship and/or affiliation of

22  Defendant's events and establishment with the 49ers and unlawfully profiting from the 49ERS

23  TRADEMARKS, reputation and goodwill that Plaintiff has long possessed and used in interstate

24  commerce.

25  **FIRST CLAIM**

26  **(TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32)**

27      47.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically

28  pleaded herein, the allegations of paragraphs 1 through 46.

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

48. Plaintiff is the owner of U.S. trademark registrations for the 49ERS TRADEMARKS, as set forth in paragraphs 13 to 25 above. Plaintiff has used the 49ERS TRADEMARKS continuously in interstate commerce since their first use, set forth above.

49. As a result of the popularity of NFL football and, in particular, the unique success of the 49ers team, and due to the extensive promotional efforts of Plaintiff and the NFL, as well as the continuous use of the 49ERS TRADEMARKS in the advertising, marketing and promotion of the 49ers team and associated goods and services, the 49ERS TRADEMARKS have achieved a secondary and distinctive meaning as identifiers of the 49ers team and the NFL.

50. Defendants' use in commerce of the 49ERS TRADEMARKS in connection with the advertising, marketing, publicizing and promotion of their events and establishment, including as alleged above and as shown in **Exhibits Q to S**, comprises an infringement of the 49ERS TRADEMARKS and is likely to cause confusion, mistake and deception of the public as to the affiliation, connection, or association of Defendants' events and establishment. In this respect, individuals are likely to believe that Defendants' events and establishment are owned, sponsored, approved by, or otherwise affiliated with Plaintiff.

51. Defendants' infringement and the confusion caused thereby has and is likely to continue to lead to injury to Plaintiff's reputation, impairment of its goodwill, and harm to its business operations. If Plaintiff is unable to protect and control the use of the 49ERS TRADEMARKS, and protect its licensees from unauthorized use, Plaintiff will suffer harm to its reputation and goodwill in the 49ERS TRADEMARKS and the value of Plaintiff's licenses will decrease, thus harming Plaintiff's business operations.

52. By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

53. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

54. Plaintiff has no adequate remedy at law because Defendants' infringement of the 49ERS TRADEMARKS has caused great and irreparable injury to Plaintiff, and unless Defendants are enjoined, Plaintiff will continue to suffer great and irreparable injury.

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

55.    Defendants committed these acts willfully and with the intent to create an association with Plaintiff's famous 49ERS TRADEMARKS.  Defendants willfully intended to trade on the recognition of Plaintiff's famous 49ERS TRADEMARKS and to harm the reputation of the 49ERS TRADEMARKS.

56.    Defendants' acts of trademark infringement have caused Plaintiff to sustain monetary damages, loss and injury, including injury to reputation and business goodwill, as well as harm to its license agreements and business operations, in an amount to be determined at the trial of this action.

**SECOND CLAIM**

**(UNFAIR COMPETITION UNDER LANHAM ACT § 43(a))**

57.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 56.

58.    As a result of the popularity of NFL football and, in particular, the unique success of the 49ers team, and due to the extensive promotional efforts of Plaintiff and the NFL, as well as the continuous use of the 49ERS TRADEMARKS in the advertising, marketing and promotion of the 49ers team and associated goods and services, the 49ERS TRADEMARKS have achieved a secondary and distinctive meaning as identifiers of the 49ers team and the NFL.

59.    Defendants' use in commerce of the 49ERS TRADEMARKS in connection with the advertising, marketing, publicizing and promotion of their events and establishment, including as alleged above and as shown in **Exhibits Q to S,** constitutes a violation of 15 U.S.C. § 1125(a) in that Defendants' use of the 49ERS TRADEMARKS is likely to cause confusion, mistake and deception of the public as to the affiliation, connection, or association of Defendants' events and establishment with Plaintiff.

60.    By reason of the foregoing acts, Defendants are liable to Plaintiff under 15 U.S.C. § 1125(a).

61.    Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

62.    Plaintiff has no adequate remedy at law because Defendants' misuse of the 49ERS

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  TRADEMARKS has caused great and irreparable injury to Plaintiff, and unless Defendants are

2  enjoined, Plaintiff will continue to suffer great and irreparable injury.

3      63.    Defendants' unfair competition and unauthorized and misleading acts have caused

4  Plaintiff to sustain monetary damages, loss and injury, including injury to reputation and business

5  goodwill, as well as harm to its license agreements and business operations, in an amount to be

6  determined at the trial of this action.

7                          **THIRD CLAIM**

8              **(COMMON LAW TRADEMARK INFRINGEMENT)**

9      64.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically

10  pleaded herein, the allegations of paragraphs 1 through 63.

11     65.    Plaintiff enjoys and possesses common law trademark rights in the 49ERS

12  TRADEMARKS, which Plaintiff has used continuously in commerce since the dates of their first

13  use, as set forth above.

14     66.    As a result of the popularity of NFL football and, in particular, the unique success

15  of the 49ers team, and due to the extensive promotional efforts of Plaintiff and the NFL, as well as

16  the continuous use of the 49ERS TRADEMARKS in the advertising, marketing and promotion of

17  the 49ers team and associated goods and services, the 49ERS TRADEMARKS have achieved a

18  secondary and distinctive meaning as identifiers of the 49ers team and the NFL.

19     67.    Defendants' use in commerce of the 49ERS TRADEMARKS in connection with

20  the advertising, marketing, publicizing and promotion of their events and establishment, including

21  as alleged above and as shown in **Exhibits  Q to S,** comprises an infringement of the 49ERS

22  TRADEMARKS and is likely to cause confusion, mistake and deception of the public as to the

23  origin, source, or affiliation of Defendants' events and establishment.  In this respect, individuals

24  are likely to believe that Defendants' events and establishment are owned, sponsored, approved by,

25  or otherwise affiliated with Plaintiff.

26     68.    Defendants' infringement and the confusion caused thereby has and is likely to

27  continue to lead to injury to Plaintiff's reputation, impairment of its goodwill, and harm to its

28  business operations.  If Plaintiff is unable to protect and control the use of the 49ERS

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

1   TRADEMARKS, and protect its licensees from unauthorized use, Plaintiff will suffer harm to its

2   reputation and goodwill in the 49ERS TRADEMARKS, and the value of Plaintiff's licenses will

3   be decreased, thus harming Plaintiff's business operations.

4          69.    By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark

5   infringement under the laws of the State of California.

6          70.    Upon information and belief, Defendants have profited or will profit by their

7   wrongful conduct and activities.

8          71.    Plaintiff has no adequate remedy at law because Defendants' infringement of the

9   49ERS TRADEMARKS has caused great and irreparable injury to Plaintiff, and unless

10  Defendants are enjoined, Plaintiff will continue to suffer great and irreparable injury.

11         72.    Defendants' acts of trademark infringement have caused Plaintiff to sustain

12  monetary damages, loss and injury, including injury to reputation and business goodwill, as well

13  as harm to its license agreements and business operations, in an amount to be determined at the

14  trial of this action.

15                                  **FOURTH CLAIM**

16         **(FEDERAL TRADEMARK DILUTION UNDER LANHAM ACT § 43(c))**

17         73.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically

18  pleaded herein, the allegations of paragraphs 1 through 72.

19         74.    The 49ERS TRADEMARKS are strong and distinctive and have long been used by

20  Plaintiff in connection with the 49ers team and Plaintiff's business operations.

21         75.    Plaintiff has used the distinctive 49ers name, logo, symbol, and other identifying

22  marks continuously since the dates of their first use, as set forth above, in connection with the

23  advertising, marketing, and promotion of the 49ers team, as well as for the advertising, marketing,

24  sale and distribution of various goods and services.

25         76.    As a result of the popularity of NFL football and, in particular, the success and

26  popularity of the 49ers, and due to the extensive promotional efforts of Plaintiff and the NFL, as

27  well as the continuous use of the 49ERS TRADEMARKS in the advertising, marketing and

28  promotion of the 49ers team and associated goods and services, the 49ERS TRADEMARKS have

1   achieved a secondary and distinctive meaning as identifiers of the 49ers team and the NFL.

2   77.     Moreover, because of the popularity of NFL football and the extensive media

3   coverage it receives, and, in particular, because of the noteworthy success and storied history of

4   the 49ers, the 49ERS TRADEMARKS are nationally recognized and have become well known by

5   the public nationwide and around the world, in addition to within the San Francisco Bay Area, and

6   are therefore famous marks.

7   78.     The 49ERS TRADEMARKS are, and have been, in substantially exclusive use by

8   Plaintiff continuously since the dates of their first use, as set forth above.

9   79.     Defendants' acts alleged herein were commenced from a time after the 49ERS

10  TRADEMARKS became famous.

11  80.     Defendants' use in commerce of the 49ERS TRADEMARKS in connection with

12  the advertising, marketing, publicizing and promotion of their events and establishment, including

13  as alleged above and as shown in **Exhibits Q to S,** are in violation of Lanham Act § 43(c), 15

14  U.S.C. § 1125(c), in that they are likely to cause dilution by blurring by impairing the

15  distinctiveness of Plaintiff's famous 49ERS TRADEMARKS, causing irreparable injury to

16  Plaintiff.  Defendants' acts are also in violation of Lanham Act § 43(c) in that they are likely to

17  cause dilution by tarnishment by harming the reputation of Plaintiff's famous 49ERS

18  TRADEMARKS, causing irreparable injury to Plaintiff.

19  81.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark

20  dilution under 15 U.S.C. § 1125(c).

21  82.     Upon information and belief, Defendants have profited or will profit by their

22  wrongful conduct and activities.

23  83.     Plaintiff has no adequate remedy at law because Defendants' infringement of the

24  49ERS TRADEMARKS has caused great and irreparable injury to Plaintiff, and unless

25  Defendants are enjoined, Plaintiff will continue to suffer great and irreparable injury.

26  84.     Defendants committed these acts willfully and with the intent to create an

27  association with Plaintiff's famous 49ERS TRADEMARKS.  Defendants willfully intended to

28  trade on the recognition of Plaintiff's famous 49ERS TRADEMARKS and to harm the reputation

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    of the 49ERS TRADEMARKS.

2        85.    Defendants' acts of trademark infringement have caused Plaintiff to sustain

3    monetary damages, loss and injury, including injury to reputation and business goodwill, as well

4    as harm to its license agreements and business operations, in an amount to be determined at the

5    trial of this action.

6                                        **FIFTH CLAIM**

7        **(Copyright Infringement Under 17 U.S.C. §§ 101 & 501 *et seq.*)**

8        86.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically

9    pleaded herein, the allegations of paragraphs 1 through 85.

10       87.    Plaintiff owns valid and enforceable copyrights to the "Donte Whitner

11   Photograph," the "Pro Bowlers Hawaii 2013 Poster," the CJ Spillman Photograph  and other

12   original works of authorship created by Plaintiff.

13       88.    Since creation of the 49ers COPYRIGHTED WORKS, Plaintiff has continued to

14   comply with the provisions of the Copyright Act with respect to all applicable registered

15   copyrights.

16       89.    Based upon the foregoing, Defendants have infringed, and will continue to infringe,

17   the 49ers COPYRIGHTED WORKS within the meaning of 17 U.S.C. § 501 by utilizing, copying,

18   reproducing and publicly displaying images of the 49ers COPYRIGHTED WORKS  in

19   connection with the advertising, marketing, publicizing and promotion of their events and

20   establishment, including as alleged above and as shown in **Exhibits Q to S**.

21       90.    Defendants' acts of copyright infringement were without permission, license or

22   consent of Plaintiff.

23       91.    Defendants' acts of copyright infringement are willful in that Plaintiff has given

24   Defendants due notice of its copyright rights, and Defendants have nevertheless continued their

25   infringing conduct.

26       92.    Upon information and belief, Defendants have profited or will profit by their

27   wrongful conduct and activities.

28       93.    Plaintiff has no adequate remedy at law because Defendants' infringement of the

10571.002 2838834v3
17
**COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  49ers COPYRIGHTED WORKS has caused great and irreparable injury to Plaintiff, and unless

2  Defendants are enjoined, Plaintiff will continue to suffer great and irreparable injury.

3      94.    Pursuant to 17 U.S.C. §§ 502 and 504, Plaintiff is entitled to an injunction

4  restraining Defendants from copying, distributing, creating derivative works from, and/or publicly

5  displaying the 49ers COPYRIGHTED WORKS in violation of copyright laws, as well as to

6  recover from Defendants the damages that Plaintiff has sustained and will sustain as a result of

7  Defendants' infringement.

8      95.    Defendants' acts of copyright infringement have caused Plaintiff to sustain

9  monetary damages, loss and injury, including injury to reputation and business goodwill, as well

10  as harm to its business operations, in an amount to be determined at the trial of this action.

**SIXTH CLAIM**

**(UNFAIR COMPETITION UNDER CALIFORNIA
BUSINESS AND PROFESSIONS CODE § 17200 et seq.)**

13      96.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically

14  pleaded herein, the allegations of paragraphs 1 through 95.

15      97.    Based on the foregoing, Defendants' unauthorized use of the 49ERS

16  TRADEMARKS and 49ers COPYRIGHTED WORKS in connection with the advertising,

17  marketing, publicizing and promoting of its events and establishment, including as alleged above

18  and as shown in **Exhibits Q to S,** constitutes: (1) trademark infringement under Section 32 of the

19  Lanham Act, 15 U.S.C. § 1114; (2) unfair competition arising under Section 43(a) of the Lanham

20  Act, 15 U.S.C. § 1125(a); (3) trademark infringement under the common law of the State of

21  California; (4) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (5)

22  copyright infringement under 17 U.S.C. §§ 101 and 501; and is likely to deceive, or to cause

23  confusion to or mistake by, the consuming public as to the affiliation, connection, or association of

24  Defendants' events and establishment with Plaintiff.

25      98.    In addition to being unlawful, as set forth above, Defendants' unauthorized use of

26  the 49ERS TRADEMARKS and 49ers COPYRIGHTED WORKS in connection with the

27  advertising, marketing, publicizing and promoting of its events and establishment constitutes

28

1  unfair competition in that it is likely to cause confusion to consumers. Consumers who are

2  familiar with Plaintiff and Plaintiff's 49ERS TRADEMARKS and 49ers COPYRIGHTED

3  WORKS are likely to assume that Defendants' events and establishment advertised, marketed,

4  publicized and promoted using the 49ERS TRADEMARKS and 49ers COPYRIGHTED WORKS

5  are authorized by, sponsored by, related to, or otherwise affiliated with Plaintiff. Defendants'

6  wrongful acts have, and will continue to, cause injury to Plaintiff's reputation and impairment of

7  its goodwill, as well as harm to Plaintiff's business operations.

8       99.    Defendants' unlawful and unfair actions discussed herein constitute unlawful and

9  unfair competition within the meaning of California Business and Professions Code § 17200 *et*

10 *seq.*

11      100.   Upon information and belief, Defendants have profited or will profit by their

12 wrongful conduct and activities.

13      101.   Plaintiff has no adequate remedy at law.

14      102.   Defendants committed these acts willfully and with the intent to create an

15 association with Plaintiff's famous 49ERS TRADEMARKS and 49ERS COPYRIGHTED

16 WORKS. Defendants willfully intended to trade on the recognition of Plaintiff's famous 49ERS

17 TRADEMARKS and 49ERS COPYRIGHTED WORKS and Plaintiff's reputation and business

18 goodwill.

19      103.   Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled

20 to preliminary and permanent injunctive relief ordering Defendants to cease this unfair

21 competition, as well as to disgorgement of Defendants' profits associated with this unfair

22 competition.

23

24      WHEREFORE, Plaintiff prays that this Court enter a judgment:

25      1.     That Defendants have committed trademark infringement in violation of Section 32

26 of the Lanham Act, 15 U.S.C. § 1114.

27      2.     That Defendants have committed misleading acts and unfair competition in

28 violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

1      3.     That Defendants have committed trademark infringement in violation of the

2   common law of the State of California;

3      4.     That Defendants have committed trademark dilution in violation of Section 43(c) of

4   the Lanham Act, 15 U.S.C. § 1125(c).

5      5.     That Defendants have committed copyright infringement in violation of 17 U.S.C.

6   § 501.

7      6.     That Defendants have violated Section 17200 of the California Business and

8   Professions Code;

9      7.     That Defendants, their agents, officers, employees, representatives, successors,

10  assigns, attorneys and all other persons acting for, with, by, through or under authority from

11  Defendants, and each of them, be preliminarily and permanently enjoined and restrained from:

12      (a) using the 49ERS TRADEMARKS, or any colorable imitation thereof, in connection

13      with advertising, marketing, publicizing, or promoting of Defendants' events,

14      establishment, or any related business;

15      (b) infringing Plaintiff's copyright rights by using, copying, reproducing, displaying,

16      advertising, or otherwise utilizing Plaintiff's 49ERS COPYRIGHTED WORKS, or other

17      creative works of Plaintiff in violation of copyright laws, that is likely to cause confusion,

18      mistake, deception, or public misunderstanding as to the association, sponsorship or

19      affiliation of Defendants' events and establishment with Plaintiff;

20      (c) unfairly competing with Plaintiff by using the 49ERS TRADEMARKS or 49ers

21      COPYRIGHTED WORKS, or any colorable imitation thereof, in advertising, marketing,

22      publicizing or promoting of Defendants' events, establishment, or other related business;

23      8.     That Defendants be required to file with the Court and serve Plaintiff within thirty

24  (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the

25  manner and form in which Defendants have complied with the Injunction;

26      9.     That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages

27  suffered by Plaintiff resulting from the acts alleged herein;

28      10.    That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to

COBLENTZ PATCH DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**COMPLAINT**

Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

11.     That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a mark found to infringe Plaintiff's trademark rights, as well as all means of making the same;

12.     That Defendants be required to conduct remedial advertising in an effort to mitigate the damage done to Plaintiff's goodwill, reputation and business success in all geographic areas where Defendant has advertised, marketed, publicized and promoted its events and establishment through use of the 49ERS TRADEMARKS, and restore Plaintiff monies lost as a result of its unfair competition;

13.     That Defendants be required to pay to Plaintiff all damages suffered by reason of Defendants' unlawful acts set forth herein, including damages as a result of harm to Plaintiff's license agreements and business operations, injury to Plaintiff's reputation, and Plaintiff's loss of business goodwill, together with legal interest from the date of accrual thereof.

14.     That Defendants be required to pay to Plaintiff profits and damages as may be found by the Court for all copyright infringements involved in the action pursuant to 17 U.S.C. § 504, and that Defendants pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees as the Court may allow, under 17 U.S.C. § 505.

15.     That Plaintiff be entitled to disgorgement of Defendants' profits obtained as a result of its unfair competition;

16.     That Plaintiff's damages be trebled because of Defendant's intentional and willful infringement;

17.     That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

18.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

19.     For such and other further relief that the Court deems just and proper.

1

## JURY DEMAND

2          Plaintiff requests a trial by jury.

3

4    DATED: July 14, 2014                    COBLENTZ PATCH DUFFY & BASS LLP

5

6                                            By: _____

7                                                Karen S. Frank
                                                 Attorneys for San Francisco 49ers
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Coblentz Patch Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

**COMPLAINT**